UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANETTE RANTROPE BROWN and EVANS L. BROWN, JR. | CIVIL ACTION |
| VERSUS | NO: 10-785 |
| OPTION ONE MORTGAGES CORPORATION, ET AL. | SECTION: "C" (1) |

## ORDER & REASONS

Before the Court are the following five Motions: (1) Motion to Dismiss the Claims of Evans L. Brown, Jr. ("Motion to Dismiss"), filed by Defendants Option One Mortgages Corporation ("Option One") (now named Sand Canyon Corporation ("Sand Canyon")), American Home Mortgage Servicing, Inc. ("AHMSI"), and Moss Codilis, LLP ("Moss Codilis"); (2) Motion for Contempt Against Option One Mortgage Corp., AHMSI, Inc., and Moss Codilis, L.L.P. for Failure to Comply with the Court's Order to Arbitrate ("Motion for Contempt") filed by pro se Plaintiffs Jeanette Rantrope Brown ("Ms. Brown") and Evans L. Brown ("Mr. Brown"); (3) Plaintiffs' Motion for Jury Trial; (4) Plaintiffs' Motion for Preliminary Default in Defendants, Option One Mortgage Corp., AHMSI, Inc., and Moss Codilis Not Arbitrating in a Court Order to Compel Arbitration ("Motion for Preliminary Default"); and (5) Defendants' Motion for Injunction and Sanction ("Motion for Injunction"). (Rec. Docs. 29, 110, 111, 104, and 101). Based on the memoranda of counsel, the record, and the law, the Court

GRANTS Defendants' Motion to Dismiss, DENIES Plaintiffs' Motion for Contempt, DENIES Plaintiffs' Motion for Jury Trial, DENIES Plaintiffs' Motion for Preliminary Default, and PARTIALLY GRANTS AND PARTIALLY DENIES Defendants' Motion for Injunction.

The facts of this case were discussed in this Court's January 11, 2012 Order and the Court finds no need to repeat them here, other than to state that Plaintiffs sued Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). The Court's January 11, 2012 Order disposed of five Motions filed by Plaintiffs, namely their Motion to Lift Stay Proceedings ("Motion to Lift Stay") (Rec. Doc. 94), which was granted, and pursuant to which this matter was set for trial; Motion for Declaratory and Injunctive Relief Ordering the Return of Lender Placed Insurance Settlement Funds ("Motion for Declaratory Relief") (Rec. Doc. 68), which was denied; Motion for Sanctions and Property Deed (Rec. Doc. 69), which was denied; Motion to Deny for any Court Order Requesting the Reopening of the American Arbitration File by AHMSI ("Motion to Deny") (Rec. Doc. 76), which was denied; and Motion for Summary Judgment, (Rec. Doc. 89), which was denied. The Court now disposes of the five new pending Motions in this case.

**I. Motion to Dismiss (Rec. Doc. 29).**

This Motion was filed in May, 2010 but was never ruled on because the Court granted Plaintiff's Motion to Compel Arbitration and Stay Proceedings on November 18, 2010. (Rec. Doc. 62, 30). The Court lifted the stay in its January 11, 2012 Order. (Rec. Doc. 100). The Court then granted Defendants' Exparte Motion to Re-Urge and Re-Set for Submission Defendants' Motion to Dismiss the Claims of Evans L. Brown, Jr. (Rec. Doc. 115, 107).

The Court grants this Motion and dismisses with prejudice all claims asserted by Mr.

2

Brown.  Mr. Brown fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) because he was not a party to the contract at issue in this case.  The contract indicates that the agreement was between Option One and Ms. Brown.  Mr. Brown intervened as "husband of purchaser herein," the purchaser being Ms. Brown, and declared that "the within purchased property is being purchased by his wife with her separate and paraphernal funds, under her separate administration and control, and that said property is, and shall remain her separate property and shall form no part of the community acquets and gains existing between them, and that he shall have no interest therein whatsoever."  (Rec. Doc. 29, Exh. A at 2).  Those terms, and the other terms of the contract, are signed by Ms. Brown and Mr. Brown.  *Id.*

Plaintiffs argue that Mr. Brown was a party to the contract because he was authorized to receive certain information, and because Ms. Brown had a medical issue that prevented her from attending court.  These allegations do not make Mr. Brown a party to the contract.  Accordingly, the Motion is granted, and all claims asserted by Mr. Brown are dismissed with prejudice.

**II. Motion for Contempt (Rec. Doc. 110).**

The Motion is denied because the arguments presented by Plaintiffs here are identical to those in Plaintiffs' Motion for Sanctions and Property Deed.  (Rec. Doc. 69).  In its January 11, 2012 Order, the Court denied that Motion on the ground that Plaintiffs failed to allege that Defendants' failure to timely pay the arbitration proceeding fees was a procedural mistake, and not an action done in bad faith.  There were no allegations or evidence that Defendants' failure to do so was done in bad faith when Plaintiffs filed their Motion for Sanctions and Property Deed, (Rec. Doc. 69), and there are still none.  (Rec. Doc. 110).

The movant in a civil contempt proceeding must produce clear and convincing evidence that (1) a court order was in effect; (2) the court order required certain conduct of the respondent, and (3) the respondent failed to comply with the court order. *See Whitcraft v. Brown*, 2009 WL 1492833, at *2 (5th Cir. 2009). Plaintiffs seem to argue that the "order" at issue is the Court's November 18, 2010 order compelling arbitration and staying proceedings. (Rec. Doc. 62). However this order did not force Defendants to arbitrate the matter; instead, it determined that the matter was better suited for arbitration rather than the Court. (Rec. Doc. 62). Accordingly, relief is not proper and the Motion for Contempt is denied.

**III. Motion for Jury Trial (Rec. Doc. 111).**

The Motion is denied because it is untimely under Federal Rule of Civil Procedure 38(b). Plaintiffs waived their right to jury trial by not asking for it 14 days after the last pleading, that is, 14 days after Defendants filed their answer. Fed. R. Civ. P. 38(b)(1). *See In Matter of Texas General Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995). Defendants filed their answer May 14, 2010. Plaintiffs had until May 27, 2010 to file a motion for jury trial. Their request on Feb. 1, 2012, is untimely.

The motion should also be denied for the other reason cited by Defendants, namely that all five factors in a Fifth Circuit test for determining whether the Court should exercise its discretion under Federal Rule of Civil Procedure 39(b) to grant Plaintiffs' request for jury trial weigh in favor of Defendants. Those factors are: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness

in requesting a jury trial. *See Daniel Intern. Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). Plaintiffs are nearly two years late, and they cite no reason for their tardiness, and Defendants have been treating this matter as something that would never be tried to a jury for many months. Accordingly, Plaintiffs' Motion for Jury Trial is denied.

### IV. Motion for Preliminary Default (Rec. Doc. 104).

The Motion is denied first because the remedies Plaintiffs seek here are the same as those sought in previous motions which the Court denied in its January 11, 2012 Order. (Rec. Doc. 6-7). Specifically, they ask for (a) surrender of the property deed (asked for in Rec. Docs. 69 & 76 and denied because Plaintiffs' complaint contains no cause of action related to foreclosure); (b) compensatory damages of $80,000 (asked for in Rec. Doc. 89 and denied because there was no evidence that Defendants are liable or that damages are worth $80,000); and (c) return of insurance proceeds (asked for in Rec. Doc. 68 and denied for failure to show any evidence that AHMSI possesses the proceeds).

Second, the Motion is denied because default under Federal Rule of Civil Procedure 55 is inappropriate here. Default is appropriate when a party has failed to plead or otherwise defend a claim for affirmative relief. Fed. R. Civ. P. 55(a). Defendants filed a pre-answer Motion to Dismiss the Claims of Evans L. Brown (Rec. Doc. 29), each filed an answer (Rec. Doc. 31, 34, 35), and responded to each of Plaintiffs' many motions. Accordingly, the Court denies Plaintiffs' Motion for Preliminary Default.

### V. Motion for Injunction (Rec. Doc. 101).

The Court grants Defendants' Motion for Injunction in that it enjoins Plaintiffs from filing any additional pleadings or motions without first obtaining leave of Court. Defendants

point to a Fifth Circuit four-factor test for determining whether enjoining a party from filing items without first obtaining leave: courts may consider (1) the party's litigation history - whether that party has made vexatious, harassing, or duplicative filings; (2) the party's good or bad faith basis for pursuing the litigation; (3) the extent of the burden on the courts and other parties from the party's filings; and (4) the adequacy of alternative sanctions.  *Baum v. Blue Moon Ventures*, 513 F.3d 181, 189 (5th Cir. 1984).  That court added that a party's pro se status does not give her a license to harass.  All of these factors weigh in Defendants' favor here.

The Motion for Injunction is denied in that the Court does not impose sanctions in the amount of reasonable attorneys' fees incurred by Defendants in defense of Plaintiffs' numerous motions filed to date.  Bad faith is a necessary element for imposing sanctions (*see Chambers v. NASCO*, 501 U.S. 32, 46 (1991), and there is insufficient evidence showing that Plaintiffs filed their many motions in bad faith, or because of good faith misunderstandings of the law and the issues at hand.

Accordingly,

IT IS ORDERED that Defendants' Motion to Dismiss the Claims of Evans L. Brown, Jr., is GRANTED, and all of his claims against Defendants in this case are DISMISSED WITH PREJUDICE.  (Rec. Doc. 29).

IT IS FURTHER ORDERED that Plaintiffs' Motion for Contempt Against Option One Mortgage Corp., AHMSI, Inc., and Moss Codilis, L.L.P. for Failure to Comply with the Court's Order to Arbitrate is DENIED.  (Rec. Doc. 110).

IT IS FURTHER ORDERED that Plaintiffs' Motion for Jury Trial is DENIED.  (Rec. Doc. 111).

IT IS FURTHER ORDERED that Plaintiffs' Motion for Preliminary Default in Defendants, Option One Mortgage Corp., AHMSI, Inc., and Moss Codilis Not Arbitrating in a Court Order to Compel Arbitration is DENIED.  (Rec. Doc. 104).

IT IS FURTHER ORDERED that Defendants' Motion for Injunction and Sanctions is PARTIALLY GRANTED AND PARTIALLY DENIED.  It is granted in that the Court ENJOINS Plaintiffs from filing any additional pleadings or motions without first obtaining leave of Court.  It is denied in that Plaintiffs are not ordered to pay sanctions in the amount of Defendants' reasonable attorneys' fees incurred by Defendants in defense of Plaintiffs' motions filed to date.  (Rec. Doc. 101).

New Orleans, Louisiana, this 29th day of February, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**