UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JEANNETTE RANTROPE BROWN | CIVIL ACTION |
| VERSUS | NO. 10-785 |
| OPTION ONE MORTGAGES CORPORATION ET. AL | SECTION "C" (1) |

## ORDER & REASONS[1]

Before the Court is the 12(c) Motion for Judgment on the Pleadings ("Judgment on the Pleadings") by Defendants. (Rec. Doc. 131); and Plaintiff's Motion to File Leave of Court for Ex Parte Motion for Expedited Consideration for Medical Reasons and Health Procedures a Stay of Proceedings ("Motion to Stay"). (Rec. Doc. 133). Based on the memoranda of counsel, the record, and the law, the Court GRANTS the Defendant's Motion for Judgment on the Pleadings and DENIES AS MOOT Plaintiff's Motion to Stay.

## BACKGROUND

The full facts of this case were discussed in this Court's January 11, 2012 Order and the Court finds no need to repeat them here, other than to state the following: In February or March of 2003, Plaintiff entered into a mortgage agreement with Option One Mortgage Corporation

---

[1] John Schinasi, a second year student at Tulane University Law School, assisted in the preparation of this Order & Reasons.

1

("Option One"), a home lending corporation. (Rec. Doc. 1). Plaintiff admits that, before the alleged default, the loan was transferred from Option One to American Home Mortgage Servicing, Inc. ("AHMSI"), making AHMSI the effective owners of Plaintiff's debt. (See Rec. Doc. 1 ¶ 22). In February 2010, Moss Codilis, LLP ("Moss Codilis") sent Plaintiff a letter, on behalf of its client, AHMSI, informing her that she had defaulted on $3,985.94 of her loan and that failure to cure the default could result in foreclosure (an agreed upon remedy under the Mortgage). (Rec. Doc. 131). This complaint by the Plaintiff against the Defendants for alleged violations of the Fair Debt Collection Practices Act ("FDCPA") followed. (Rec. Doc. 1).

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir.2008); *Great Plains Trust Co v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir.2002). In determining whether dismissal is appropriate, the court must decide whether the facts alleged in the pleadings, if true, would entitle the plaintiff to some sort of legal remedy. *Ramming v. U.S.*, 281 F.3d 158, 162 (5th Cir.2001); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir.1994). The Supreme Court has put it this way: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain. *Voest–Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998).

## LAW AND ANALYSIS

The FDCPA ensures that debt collectors do not use any "false, deceptive, or misleading representation or means" in the process of debt collection. 15 U.S.C. § 1692e. This can include false representation of the character, amount or legal status of a debt as well as threatening to take legal action that is not actually intended to be taken. 15 U.S.C. § 1692e(2)(A), (5). For the purposes of the act, a debt collector is defined as any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Furthermore, one exception to the status of debt collector under the FDCPA is anyone "collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity... (iii) concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. 1692a(6)(F).

**I. Defendants' Motion for a Rule 12(c) Judgment on the Pleadings is GRANTED.**

The Defendant's Motion for Judgment on the pleadings contains the following two arguments: (a) Defendants Option One and AHMSI are not subject to the FDCPA and (b) the Plaintiff has not alleged facts sufficient to support a claim against defendant Moss Codilis under the FDCPA. The Court grants the judgment on the pleadings in favor of Defendants.

**A. Option One and AHMSI are not subject to the FDCPA because they are not debt collectors**

Defendants argue that because Option One and AHMSI were the original issuer and subsequent assignee of the debt, respectively, neither party is a debt collector under the FDCPA. This Court agrees. The Fifth Circuit has held that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt

3

was not in default at the time it was assigned." *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  As the original issuer of the Plaintiff's debt, Option One does not fit the statutory definition of "debt collector," because any collection attempts would have been owed to Option One, not "owed or due another."  *Id.*  Furthermore, Plaintiff concedes that there were no problems with the mortgage when it was transferred to AHMSI, meaning, the Court assumes, that there was no default at that time.  (Rec. Doc. 1 ¶ 22).  Therefore, AHMSI is not a debt collector under the FDCPA either.  15 U.S.C. 1692a(6)(F); See *Perry*, 756 F.2d at 1208.  As a result, under the standard for a Rule 12(c) motion, even if Plaintiff was successful in proving that there was a violation of the FDCPA by Option One and AHMSI, there would be no relief granted as neither defendant is a debt collector under the statute and so it does not apply to them.  The motion to rule in favor of Option One and AHMSI under Rule 12(c) is GRANTED.

**B. Plaintiff's allegations against Moss Codilis do not state a valid claim**

Defendants claim that the Plaintiff makes no factual allegation of a violation of the FDCPA by Moss Codilis.  This Court agrees.  The Plaintiff's complaint asks that this Court find the defendants' actions in violation of the FDCPA relative to "false and/or misleading representation underlying the debt."  (Rec. Doc. 1 ¶ 26, 28).  Here, Plaintiff has instead made legal conclusions without factual support.  (Rec. Doc. 1 ¶ 26, 28).  The record is devoid of any allegation as to the truth of the February, 2010 letter sent by Moss Codilis and thus does not survive Defendants' challenge.  Furthermore, Plaintiff provides no authority that the act of sending a letter with incorrect information but that otherwise conforms with the FDCPA constitutes a violation of that statute.  Therefore, the motion for a Rule 12(c) ruling on the pleadings in favor of Moss Codilis is GRANTED.

4

Accordingly,

IT IS ORDERED that the Defendant's 12(c) Motion for Judgment on the Pleadings in favor of Defendants is GRANTED. (Rec. Doc.131).

IT IS FURTHER ORDERED that the Plaintiff's Motion to File Leave of Court for Ex Parte Motion for Expedited Consideration for Medical Reasons and Health Procedures a Stay of Proceedings is DENIED AS MOOT. (Rec. Doc. 133).

New Orleans, Louisiana, this 20th day of July, 2012.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**